[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFFS' "MOTION TO AMEND THE ISSUES OF CLASS CERTIFICATION"
By a memorandum of decision dated July 19, 2001, this court decided the plaintiffs' motion for class certification, which had been fully briefed and argued. The plaintiffs did not move to reargue the motion. They now seek to amend the content of this court's ruling on the motion for class certification.
Procedural history
On August 17, 2001, the plaintiffs filed a pleading titled "Motion to Amend the Issues of Class Certification." They did not file a request for adjudication of this motion until April 26, 2002. The request for adjudication is unaccountably dated "December 18, 2000," however, the clerk's date stamp clearly establishes that the plaintiffs did not request the court to consider their motion until April 26, 2002, fully eight months after the motion was filed. The defendant has objected to the motion.
Between August 17, 2001, when the motion was filed and April 26, 2002, when the plaintiffs requested the court to adjudicate it, the defendants filed an appeal to the Appellate Court from this court's partial granting of the motion for class certification. The defendants have represented to this court that the plaintiffs filed a cross appeal from this court's ruling on the motion for class certification. This court received notice that a motion to dismiss the appeal was denied by the Appellate Court on December 19, 2001. That appeal is still pending.
The plaintiffs have filed a motion to amend their complaint to add a new claim alleging that the defendant failed to disclose to them the CT Page 7299 purpose and effect of an approach known as resource based relative value scale," which the parties refer to as "RBRVS," in arriving at the amounts to be paid to doctors for various services furnished to enrollees in the defendant's health insurance plan. In ruling on the motion for class certification, this court explicitly noted that the complaint that was the subject of the motion for class certification did not contain a claim concerning RBRVS and that the court could not certify a class as to a claim not stated in the complaint. (Memorandum of Decision on Motion for Class Certification, July 19, 2001, at page 11.)
The plaintiffs now seek certification of that claim as a class action by requesting the court amend its ruling on class certification to include the new claim as one that may be asserted by the plaintiffs on behalf of a class.
Procedure for class certification of a claim
The plaintiff's motion assumes that this court may, without following the requirements of those provisions of the Practice Book that relate to the maintenance of claims as class actions, amend an order to grant class action status with regard to a claim that was not made in the complaint at the time the court ruled on the motion for class action certification. The plaintiff has cited no procedural rule that authorizes such a startling procedure.
Section 9-8 of the Practice Book provides that "[a]n action may be maintained as a class action if the prerequisites of Section 9-7 are satisfied and the judicial authority finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."
This court made none of the required findings concerning the claim about RBRVS at the time the court adjudicated the motion for class certification because that claim was not present in the complaint, and the court cannot make any of those finding now, as the plaintiff has failed to file a motion for class certification that demonstrates that all of the prerequisites for class certification are met concerning that claim. The court cannot, as the plaintiffs suggests, suspend the requirements of the Practice Book with regard to this new claim merely because it granted class certification as to some other claims.
Case Management Deadlines
By a case management order dated February 29, 2000, this court ordered CT Page 7300 that any motion for class certification should be filed by October 2, 2000. That deadline was extended on motion to January 29, 2001. The purpose of the case management order was to achieve orderly progress of this case toward resolution, a raison d'etre of the Complex Litigation Docket. The purpose of deadlines imposed in case management orders is to prevent parties from delaying resolution by slowing the pace of the proceedings unduly or by engaging in repetitious motion practice that imposes burdens on opposing parties. This case was filed in 1999. The plaintiffs agreed to the case management deadlines, and the plaintiffs had ample time to file a complaint setting forth all their claims in time to meet the deadline for moving for class certification as to those claims
The plaintiffs' present motion amounts to an attempt to file a motion for class action certification fifteen months after the deadline set in the case management order.
Conclusion
The plaintiffs request that the court take an action not authorized by the rules of practice. They seek, in effect, to achieve class certification of a claim fifteen months after the deadline for moving for class certification has passed. The plaintiffs' "Motion to Amend Class Certification" is denied.
Beverly J. Hodgson Judge of the Superior Court